MANATT, PHELPS & PHILLIPS, LLP
BRAD W. SEILING (SBN 143515)
Email: BSeiling@manatt.com
CHRISTINE M. REILLY (SBN 226388)
Email: CReilly@manatt.com
CODY A. DeCAMP (SBN 311327)
Email: CDeCamp@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Defendant*
KASPERSKY LAB, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONYA VALENZUELA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KASPERSKY LAB, INC., a Massachusetts corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 2:22-cv-09157<br><br>**NOTICE OF REMOVAL**<br><br>[From the Superior Court of California, County of Los Angeles, Case No. 22STCV26119]<br><br>Action Filed:   August 12, 2022<br>Action Removed: December 16, 2022 |

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, defendant Kaspersky Lab, Inc. ("Kaspersky") hereby removes the above-captioned putative class action from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) and the Class Action Fairness Act ("CAFA"). In support of removal, Kaspersky states the following:

1. On August 12, 2022, Plaintiff filed a putative class action complaint against Kaspersky in the Superior Court of California, County of Los Angeles, captioned *Valenzuela v. Kaspersky Lab, Inc.*, No. 22STCV26119 (the "State Court Action").

2. A copy of the State Court Action is attached hereto as **Exhibit A** (the "Complaint").

3. The Complaint alleges that Kaspersky's website, https://www.usa.kaspersky.com (the "Website") "secretly deployed software that Defendant uses to surreptitiously intercept, monitor, record, and store the communications of all visitors that use the chat feature on its Website" in violation of the California Invasion of Privacy Act ("CIPA"), California Penal Code § 631. *See* Compl. ¶¶ 1–4.

4. Plaintiff purports to bring the claims on behalf of a California class of persons, with the following proposed membership:

> All persons within California who (1) within one year of the filing of this Complaint visited Defendant's website, and (2) whose electronic communications were intercepted, recorded, monitored, and/or shared by Defendant without prior consent.

*Id.* ¶ 20.

5. Plaintiff alleges that the number of Class Members is "in the tens of thousands, if not more." *Id.* ¶ 21.

6. Plaintiff asserts that Plaintiff and each Class Member is entitled to statutory damages of at least $2,500 per violation, plus injunctive relief, punitive damages, and attorneys' fees and costs. *Id.* ¶ 32, Prayer for Relief ¶¶ 5, 6.

7. On November 18, 2022, Kaspersky executed a Notice of Acknowledgment of Receipt of service the Complaint and summons on Kaspersky. The time for Kaspersky to answer or otherwise plead in the state court action is December 19, 2022 and thus has not expired.

8. This Notice of Removal is filed within the time prescribed under 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

9. This Court has subject matter jurisdiction over Plaintiff's claims under CAFA.

10. Under CAFA, codified in relevant part at 28 U.S.C. § 1332(d)(2) and 1453(b), this Court has original jurisdiction over this action because: (1) this is a class action where the putative class includes more than 100 members; (2) there is minimal diversity of citizenship; and, (3) the amount in controversy exceeds $5,000,000.

11. "No antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id.* (quoting S. Rep. No. 109-14, p. 43 (2005)).

**This is a "Class Action" With More Than 100 Putative Class Members**

12. This action meets CAFA's definition of a class action, which is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

13. The putative class Plaintiff seeks to represent includes more than 100 members; indeed, Plaintiff alleges that she "believes the number to be in the tens of thousands, if not more." Compl. ¶ 21.

**There is Minimal Diversity of Citizenship**

14. There is minimal diversity of citizenship among the parties. Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

15. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges that Plaintiff "is an adult resident of California." Compl. ¶ 8. Kaspersky is informed and believes that Plaintiff is a citizen of California.

16. Further, all putative Class Members would be citizens of California based on the class definition in the Complaint.

17. For CAFA removal purposes, a corporation is "a citizen of the state where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

18. Kaspersky is a Massachusetts corporation with its principal place of business in Massachusetts. Therefore, for purposes of CAFA, Kaspersky is diverse from Plaintiff and all Class Members.

**The Alleged Amount in Controversy Exceeds $5,000,000**

19. The amount in controversy requirement under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the

amount in controversy, CAFA expressly requires that "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

20. The bar for establishing the amount in controversy is low—the notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Owens*, 574 U.S. at 89.

21. Kaspersky denies the validity and merit of Plaintiff's claim, the legal theories upon which it is based, and that Plaintiff and the putative classes are entitled to any alleged claim for monetary or other relief. Solely for the purposes of removal, however, and without conceding that Plaintiff or the putative class is entitled to damages, the aggregated claims alleged on behalf of the putative classes establish that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

22. Plaintiff seeks to represent a putative class she estimates to be in the tens of thousands, and seeks at least $2,500 in statutory damages for each Class Member for each alleged violation—it would take only a fraction of this membership (2,000 members) in the putative class to put $5,000,000 of statutory damages in play.

23. Kaspersky alleges that at least 2,000 Californians visited the Website and interacted with a chatbot during the class period defined in the complaint.

24. When a plaintiff "is seeking recovery from a pot that Defendant has shown could exceed $5 million," the amount in controversy is satisfied for purposes of CAFA jurisdiction. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010).

25. Moreover, Plaintiff seeks injunctive relief, attorneys' fees, and punitive damages in this putative class action Complaint, and each of those also adds to the amount in controversy. *See In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) (the potential cost to the defendant of complying with the injunction creates the amount in controversy for jurisdictional

purposes); *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 795 (9th Cir. 2018) (amount in controversy includes all reasonable attorneys' fees not merely through the date of removal, but through resolution of the action); *Bayol v. Zipcar, Inc.*, No. 14-CV-02483-TEH, 2015 WL 4931756, at *9 (N.D. Cal. Aug. 18, 2015) (applying "conservative" 1:1 ratio for punitive damages to hold that the federal court had jurisdiction under CAFA).

26. Kaspersky denies that Plaintiff is entitled to any punitive or other damages whatsoever, or to injunctive relief or attorneys' fees, but even a conservative one-to-one ratio for putative damages would further elevate the amount in controversy well above the $5,000,000 CAFA statutory minimum.

## REMOVAL IS PROCEDURALLY PROPER

27. Removal is timely because Kaspersky filed this notice within thirty days of executing the Notice of Acknowledgment of Receipt served by Plaintiff. *See* 28 U.S.C. § 1446(b)(1).

28. Removal to this Court is proper because the United States District Court for the Central District of California embraces the location where the State Court Action was commenced and is pending—Los Angeles, California. *See* 28 U.S.C. §§ 89(b), 1441(a).

29. Kaspersky submits with this notice a copy of all process, pleadings, and orders served upon it in this action as **Exhibit B**. *See* 28 U.S.C. § 1446(a).

30. Kaspersky will provide prompt written notice to Plaintiff, through counsel, of this removal, in accordance with 28 U.S.C. § 1446(d).

31. Kaspersky will promptly file a copy of this notice of removal with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles in accordance with 28 U.S.C. § 1446(d).

## NON-WAIVER

32. If the Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction

1  under CAFA, the time within which to remove will have not begun to run, and
2  Kaspersky reserves the right to remove this action at the appropriate time.
3  *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013).
4      33.    Kaspersky does not waive, and expressly preserves, all objections and
5  defenses it may have, including but not limited to those permitted pursuant to Rules
6  4 and 12 of the Federal Rules of Civil Procedure.

DATED:  December 16, 2022

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Brad W. Seiling
     Brad W. Seiling

*Attorneys for Defendant*
KASPERSKY LAB, INC.

401855028.2