**EXHIBIT A**

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Carolyn Kuhl

Electronically FILED by Superior Court of California, County of Los Angeles on 08/12/2022 10:54 AM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
David W. Reid, Bar No. 267382
dreid@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff and Proposed Class

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SONYA VALENZUELA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KASPERSKY LAB, INC., a Massachusetts corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 22STCV26119<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF PENAL CODE § 631** |

CLASS ACTION COMPLAINT

# INTRODUCTION

1. Plaintiff brings this action individually and on behalf of all other Californians similarly situated against Defendant for its illegal wiretapping of electronic communications with Defendant's website chatbot at usa.kaspersky.com (the "Website").

2. Unbeknownst to visitors to the Website, Defendant has secretly deployed software that Defendant uses to surreptitiously intercept, monitor, record, and store the communications of all visitors that use the chat feature on its website.

3. Going from bad to worse, Defendant then shares the content of the customer chats with a spyware company called "Clicktale" for data harvesting purposes. Defendant neither informs visitors nor seeks their express or implied consent prior to this wiretapping, nor does Defendant inform visitors that it will be sharing the secretly-recorded transcripts with a spyware company.

4. Defendant has violated and continues to violate the California Invasion of Privacy Act ("CIPA"), California Penal Code § 631, entitling Plaintiff and Class Members to relief pursuant thereto.

# JURISDICTION AND VENUE

5. This Court has jurisdiction over all causes of action asserted herein.

6. Venue is proper in this Court because Defendant knowingly engages in activities directed at consumers in this County and engaged in the wrongful conduct alleged herein against residents of this County.

7. Any out-of-state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

# PARTIES

8. Plaintiff is an adult resident of California.

9. Defendant is a Massachusetts corporation. Defendant does business and affects commerce within the state of California and with California residents.

10. The above-named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues such

Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

11. Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.

12. Plaintiff is informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

13. Without warning visitors or seeking their ckasonsent, Defendant has secretly deployed wiretapping software on its Website. This software allows Defendant to surreptitiously monitor, transcribe, record and share every visitor's electronic communications with and through the website chat feature. Going from bad to worse, Defendant then transmits transcripts of the secretly recorded chat session to a spyware company called "Clicktale" for data harvesting purposes.

14. Defendant's actions amount to the digital equivalent of both looking over consumers' shoulders, eavesdropping on consumers' conversation, and publicizing their journals. Defendant's conduct is not only illegal, it is offensive: indeed, a recent study conducted by the Electronic Privacy Information Center, a respected thought leader regarding digital privacy, found that: (1) nearly 9 in 10 adults are "very concerned" about data privacy; and (2) 75% of adults are unaware of the true extent to which companies gather, store, and exploit their personal data. *See* https://archive.epic.org/privacy/survey/ (last downloaded July 2022).

15. Within the past year, Plaintiff visited Defendant's Website. Plaintiff then communicated with someone Plaintiff believed was a customer service representative. In reality, Defendant's Website utilizes a sophisticated "chatbot" that convincingly impersonates an actual human while encouraging consumers to share their personal information. At the same time, the

Defendant simultaneously records and stores the entire conversation using secretly embedded wiretapping technology.

16. The "chatbot" technology was created by a third party provider who licenses the technology to Defendant. Defendant shares the wiretapped communications with the third party for both storage and data harvesting purposes.

17. Defendant did not inform Plaintiff, or any of the Class Members, that Defendant was secretly monitoring, recording, and sharing Plaintiff's and the Class's communications.

18. Defendant did not seek Plaintiff's or the Class Members' consent to monitoring, recording, and sharing the electronic communications with the Website.

19. Plaintiff and Class Members did not know at the time of the communications that Defendant was secretly intercepting, monitoring, recording, and sharing the electronic communications.

## CLASS ALLEGATIONS

20. Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

**All persons within California who: (1) within one year of the filing of this Complaint visited Defendant's website, and (2) whose electronic communications were intercepted, recorded, monitored, and/or shared by Defendant without prior consent.**

21. NUMEROSITY: Plaintiff does not know the number of Class Members but believes the number to be in the tens of thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

22. COMMONALITY: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class. Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

    a.   Whether Defendant caused Plaintiff's and the Class's electronic communications with the Website to be recorded, intercepted and/or monitored;

    b.   Whether Defendant violated CIPA based thereon;

    c.   Whether Plaintiff and Class Members are entitled to statutory damages pursuant to Cal. Penal Code § 631(a);

    d.   Whether Plaintiff and Class Members are entitled to punitive damages pursuant to Cal. Civil Code § 3294; and

    e.   Whether Plaintiff and Class Members are entitled to injunctive relief.

23.    <u>TYPICALITY</u>: As a person who visited Defendant's Website and had electronic communications recorded, intercepted and monitored, Plaintiff is asserting claims that are typical to the Class.

24.    <u>ADEQUACY</u>: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation. All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

25.    <u>SUPERIORITY</u>: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

## CAUSE OF ACTION

**Violations of the California Invasion of Privacy Act**

**Cal. Penal Code § 631**

26.    Section 631(a) of California's Penal Code prohibits and imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner,

reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section".

27. Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's and the Class's electronic communications with Defendant's Website. ("Though written in terms of wiretapping, Section 631(a) applies to Internet communications. It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.' Cal. Penal Code § 631(a)." *Javier v. Assurance IQ, LLC*, 21-16351, 2022 WL 1744107, at *1 (9th Cir. May 31, 2022).

28. The software employed by Defendant on its Website to record Plaintiff's and the Class's electronic communications qualifies as a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct alleged herein.

29. At all relevant times, Defendant intentionally caused the internet communication between Plaintiff and Class Members with Defendant via its chatbot to be logged, stored, and shared.

30. At all relevant times, Defendant willfully, and without the consent of all parties to the communication, caused to be intercepted, read or attempted to be read, logged, and stored, the contents of electronic communications of Plaintiff and Class Members with its Website, while the electronic communications were in transit over any wire, line or cable, or were being sent from or received at any place within California.

31. Plaintiff and Class Members did not consent to any of Defendant's actions in implementing wiretaps on its Website, nor did Plaintiff or Class Members consent to Defendant's intentional access, interception, recording, monitoring, reading, learning and collection of Plaintiff and Class Members' electronic communications with the Website.

32. Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory damages of at least $2,500.00 per violation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1. An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;

2. An order declaring Defendant's conduct violates CIPA;

3. An order of judgment in favor of Plaintiff and the Class and against Defendant on the cause of action asserted herein;

4. An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;

5. Statutory damages to Plaintiff and the Class pursuant to Cal. Penal Code § 631(a);

6. Punitive damages to Plaintiff and the Class pursuant to Cal. Civil Code § 3294;

7. Prejudgment interest;

8. Reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Code Civ. Proc. § 1021.5; and

9. All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

Dated: August 12, 2022                    PACIFIC TRIAL ATTORNEYS, APC

                                          By: _____
                                          Scott. J. Ferrell
                                          Attorneys for Plaintiff