PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SONYA VALENZUELA, individually and on behalf of all other similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>KASPERSKY LAB, INC., a Massachusetts corporation; and DOES 1 through 25, inclusive,<br><br>    Defendants. | Case No. 2:22-cv-09157-ODW-AGR<br>Judge: Hon. Otis D. Wright II<br><br>**NOTICE OF DISMISSAL WITH PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i)** |

TO THE COURT, CLERK AND ALL PARTIES OF RECORD, please take notice that Plaintiff Sonya Valenzuela ("Plaintiff") respectfully requests dismissal of the instant action against Defendant Kaspersky Lab, Inc. ("Defendant") pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure *with prejudice* as to the Plaintiff's individual claims, and *without prejudice* as to the putative class. There has been no responsive pleading or motion filed and no class has been certified, and there is no settlement or concession of class interests in order to resolve Plaintiff's individual claims.

### 1. The *Diaz* factors do not apply to the facts of this case, but even if they did, dismissal is proper.

In 1989, the Ninth Circuit held in *Diaz* that Rule 23(e) applies prior to class certification. 876 F.2d at 1408. At that time, Rule 23 provided that "[a] class action shall not be dismissed or compromised without the approval of the court . . . ." Fed. R. Civ. P. 23(e) (as amended Mar. 2, 1987, eff. Aug. 1, 1987). Under *Diaz*, the district court evaluating dismissal is to "inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." 876 F.2d at 1408 (citations omitted).

Notably, *Diaz* was decided prior to amendments to Rule 23(e), which clarified that Rule 23(e) applies to certified classes or settlement classes. Specifically, Rule 23(e) now provides that "[t]he claims, issues, or defenses of a *certified class*—or a *class proposed to be certified for purposes of settlement*" may be settled or voluntarily dismissed "only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added); *see also Lee v. CVS Pharmacy, Inc.*, No. 3:20-cv-01923-BEN-DEB, 2021 WL 308283, at *2 (S.D. Cal. Jan. 28, 2021) (acknowledging that "in 2003, the Congress revised Rule 23 to make clear that court approval is only required in a putative class action where the

plaintiff seeks to approve a settlement of both individual and class claims"); 7B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc., *Settlement, Voluntary Dismissal, or Compromise of Class Actions* § 1797 (3d ed. 2021) ("settlements or voluntary dismissals that occur before class certification are outside the scope of subdivision (e)"). Accordingly, because no class has been certified and there is no settlement of any kind in this action, Rule 23(e) does not apply. *See* Fed. R. Civ. P. 23(e).

Pursuant to Rule 23(e), "the district court should inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989).

Nevertheless, even if the Court were to apply the *Diaz* factors to these circumstances, dismissal would be proper. *First*, it is unlikely that any putative class members have relied on the action to protect their interests given that the case is in its infancy and there are no circumstances suggesting reliance on Plaintiff's claims. This action has not been publicized in any way and as such, the putative class members are highly unlikely to have knowledge of it, or to have relied upon it in any way. Similarly, Plaintiff's counsel is unaware of any other circumstances that may have led to the putative class's knowledge of, or reliance upon, this action.

*Second*, only one month has passed since the matter was removed to Federal Court and the complaint does not mention any rapidly approaching statute of limitations. Plaintiff's earliest interaction with the chat feature on Defendant's website was in August 2022 and as such, based on the one-year statute of limitations associated with her cause of action, the statute of limitations shall not run until August 2023. As such, the rights of the putative class are preserved by the solely individual dismissal of Plaintiff's claims with prejudice.

*Lastly*, Plaintiff and her counsel made no settlement or concession of class interests in order to resolve Plaintiff's individual claims. Indeed, the resolution reached between the Parties does not address, affect, or change the putative class's rights or claims in any manner.

An evaluation of the foregoing *Diaz* factors weigh in favor of dismissal of Plaintiff's individual claims *with prejudice*, and dismissal of the putative class's claims *without prejudice*.

Respectfully submitted,

Dated:  January 25, 2023        PACIFIC TRIAL ATTORNEYS, APC

                                By: */s/ Scott J. Ferrell*
                                Scott. J. Ferrell
                                Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2023, I electronically filed the foregoing **NOTICE OF DISMISSAL WITH PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

/s/ *Scott J. Ferrell*
Scott J. Ferrell